**UNITED STATES v. SAFETY CAR HEAT-ING & LIGHTING CO.**

**ROGERS, Collector of Internal Revenue, v. SAME.**

**Nos. 5445, 5446.**

Circuit Court of Appeals, Third Circuit.
Feb. 26, 1935.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Carlton Fox, Sp. Assts. to Atty. Gen., Harlan Besson, U. S. Atty., of Trenton, N. J., and Isador S. Worth, U. S. Atty., of Riverside, N. J., for appellants.

Henry T. Stetson, of Orange, N. J. (Thomas G. Haight, of Jersey City, N. J., and Robert H. Montgomery and James O. Wynn, both of New York City, of counsel), for appellee.

Before BUFFINGTON, WOOLLEY, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

These two cases, one brought by the taxpayer against the United States, the other against the collector, involved the same facts and the general claim that taxes had been illegally collected from the taxpayer and that it was entitled to recover them back. The cases were tried together by a judge who was empowered by statute to try the first case and by written stipulation the second. The cases received detailed study by him, and by reference to his finding of facts and conclusions of law we save needless repetition.

The questions involved are as stated by government counsel as follows:

"Whether the appellee, Safety Car Heating and Lighting Company, (1) sustained a deductible loss in the taxable year 1925 in the difference between the alleged March 1, 1913, fair market value of its claim for damages on account of the infringement of its Creveling patent and the amount of a settlement made of said claim in the said taxable year for less than such alleged fair market value; and (2) whether the appellee derived taxable income in said year as a result of such settlement and in the full net amount thereof.

"The first question is directly and the second question is indirectly involved in the case wherein the United States is the appellant, whereas the second question is the only one which is involved in the case wherein John R. Rogers, Collector, is the appellant."

The underlying and decisive factor is whether the sum recovered for the infringement of the patent involves capital or income. On that and on all questions raised we find ourselves in accord with the trial judge. We hold that the patent was the property of the plaintiff; that the infringement thereof was a deprivation of plaintiff's capital, and that the recovery therefor was a replacement of capital and not income.

As the case is thoroughly discussed by the trial judge (5 F. Supp. 276), and as a further opinion by this court would be but a studied effort to recite in changed language what the trial judge has already set forth, we limit ourselves to affirming the cases on Judge Fake's opinion.